UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00115-FDW

| | | |
|---|---|---|
| JUAN CARLOS RODRIGUEZ-GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL BAUER, GEORGE T. SOLOMON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint under 28 U.S.C. §§ 1915A and 1915(e).[1]  (Doc. No. 1.)

## I.      BACKGROUND

Plaintiff is a prisoner of the State of North Carolina.  He names Michael Bauer, identified as a doctor at Valdese Hospital "who is responsible for the health care assistance of North Carolina Correctional institutions" (Compl. ¶ 4, Doc. No. 1), and George T. Solomon, identified as operational director of the North Carolina Department of Public Safety (Compl. ¶ 5), as Defendants.

According to the Complaint, in August or September 2014, Plaintiff discovered a lump in the area of his left testicle.  A doctor at Avery-Mitchell Correctional Institution, where Plaintiff was housed, ordered an ultrasound of that area.  Upon review of the ultrasound results, Plaintiff was referred to Defendant Bauer for treatment.  Bauer informed Plaintiff that the lump was a

---

[1] Plaintiff filed an application to proceed in forma pauperis along with the Complaint.  (Doc. No. 2.)  On May 24, 2017, the Clerk of Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account.  (Doc. No. 6).

tumor and that the entire testicle had to be removed as soon as possible because the tumor could be cancerous. Bauer did not order a pre-surgery biopsy of the tumor to determine if it was cancerous or offer any treatment alternatives to removing the tumor and the entire testicle. (Compl. 3-4.)

Bauer removed the testicle on November 24, 2014. It appears from the Complaint that the tumor was cancerous, and that Plaintiff has been undergoing treatment for cancer since his surgery. (Letter to Def. Solomon 22, Doc. No. 1.)

Since his surgery, Plaintiff has experienced pain and numbness in the surgical area, as well as unspecified physical limitations. Plaintiff is sent to the medical facility at Central Prison in Raleigh, North Carolina, for regular check-ups and/or treatment, and despite his complaints about pain and numbness, he has been told by doctors there that nothing can be done about those issues. (Compl. 5.)

On May 10, 2016, while incarcerated at Sampson Correctional Institution, Plaintiff submitted a grievance seeking help for what he perceived as medical indifference on the part of doctors at Avery-Mitchell and Central Prison to his post-surgery problems. (May 2016 Grievance 12-14, Doc. No. 1.) In response, a facility doctor met with Plaintiff to discuss Plaintiff's medical concerns. (May 23, 2016 Step Two Resp. 16, Doc. No. 1.) The doctor informed him that "everything was normal" without performing or recommending any lab tests, x-rays, or ultrasounds to determine the source of Plaintiff's pain and numbness or to determine if anything was wrong internally. (Compl. 7.)

On November 9, 2016, now incarcerated at Scotland Correctional Institution, Plaintiff filed another grievance complaining of institutional indifference to his post-surgery issues and asking to see a specialist outside the prison system. (Nov. 2016 Grievance 17-19, Doc. No. 1.)

After conducting an investigation, the grievance examiner dismissed the grievance, finding that Plaintiff had not been improperly treated and had received the appropriate level of medical evaluation and attention consistent with policy and procedures. (Dec. 30, 2016 Step Three Resp. 21, Doc. No. 1.)

In March 2017, Plaintiff submitted a sick-call and was examined by a Scotland Correctional Institution doctor, FNU Jones, who found testicular swelling. She recommended that he be sent to Central Prison for examination and lab work. (Compl. ¶ 12.)

On March 31, 2017, Plaintiff sent a letter to Defendant Solomon, complaining that all of the doctors responsible for treating him ignore his complaints about pain and numbness and asking to be sent to a doctor outside the prison system. (Letter to Def. Solomon 22.) Plaintiff signed the instant Complaint on April 19, 2017. (Compl. 11.) As of that date, he had not received a response from Defendant Solomon. (Compl. 6.)

Plaintiff contends that Defendants, in both their individual and official capacities, violated his right to be free from cruel and unusual punishment under the Eighth Amendment through their deliberate indifference to his medical needs and their "racial discrimination." (Compl. ¶ 17.) He seeks a declaration that the acts and omissions described in the Complaint violated his rights under the federal Constitution, as well as compensatory and punitive damages. (Compl. ¶¶ 19-21.)

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the

Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A complaint fails to state a claim if after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those allegations in the plaintiff's favor, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). For the purposes of this Order, the Court will assume that Defendant Bauer was a state actor while treating Plaintiff.

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013), and "forbids the unnecessary and wanton infliction of pain," id. (internal quotation marks omitted). As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the

4

Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

The deliberate-indifference standard has two components. A plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "[A] serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and alterations omitted). The "deliberate indifference" component requires a showing that the defendant actually knew of and disregarded the risk posed by the serious medical need of the inmate. See id.

Here, with respect to Defendant Bauer, Plaintiff has failed to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff had a serious medical need – a tumor. Plaintiff does not allege that Defendant Bauer ignored the risk the tumor posed. Nor does he allege that Bauer intentionally or recklessly delayed treating him and that his condition worsened, as a result. Instead, Plaintiff alleges that Bauer did not provide him with treatment options other than removal of the tumor, and the testicle with it. Such allegations do not provide a basis for relief under § 1983. See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Notably, none of Plaintiff's complaints of post-surgery indifference involve Defendant Bauer. Therefore, Plaintiff's claims against Defendant Bauer shall be dismissed. See 28 U.S.C. § 1915(e)(2).

The claims against Defendant Solomon are related to Plaintiff's complaints of post-surgery indifference by prison doctors. For the purposes of this Order, the Court will assume that pain and numbness in the area where a cancerous tumor has been removed qualifies as a "serious medical need."

A lawsuit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As such, a suit against a state official acting in his official capacity "is no different from a suit against the State itself." Id. "[A] State is not a person within the meaning of § 1983." Id. at 64. Accordingly, state officials acting in their official capacity are not "persons" for purposes of § 1983, and are not proper defendants in a § 1983 action for money damages. See id. at 71. Thus, Plaintiff's claim against Defendant Solomon in his official capacity shall be dismissed. See § 1915(e)(2).

Plaintiff is suing Defendant Solomon in his individual capacity, as well. In order for an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted)). Plaintiff alleges Solomon failed to act after he was informed of the prison doctors' indifference to Plaintiff's serious medical needs. (Compl. ¶ 15.)

Supervisors like Defendant Solomon may be held liable under § 1983 for the constitutional injuries inflicted by their subordinates only in certain, limited circumstances. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. (quoting Slakan v. Porter, 737 F.2d 368, 376

(4th Cir. 1984)).  To establish supervisory liability, three elements must be proved:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw, 13 F.3d at 799 (4th Cir. 1994) (internal quotations and citations omitted).

Plaintiff alleges the following facts related to Defendant Solomon:  1) on March 31, 2017, Plaintiff sent Solomon a letter asserting that prison doctors had been ignoring his complaints of pain and numbness since his 2014 surgery; and 2) between March 31, 2017, and April 19, 2017, when he signed the instant Complaint, Plaintiff did not receive a response from Solomon.  (Compl. ¶ 12.)  Plaintiff has not alleged any causal connection between Solomon's failure to respond in those nineteen (19) days and any doctor's indifference to his medical needs.  Indeed, all of Plaintiff's allegations of medical indifference pre-date his letter to Solomon.  Consequently, he has failed to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and his claim against Defendant Solomon shall be dismissed, see § 1915(e)(2).

Finally, Plaintiff makes a conclusory assertion of "racial discrimination."  (Compl. ¶ 17.)  He has pled no supporting facts, other than that he is Hispanic.  Accordingly, the accusation of racial discrimination shall be dismissed for failure to state a claim upon which relief may be granted.  See § 1915(e)(2).

**IV.    CONCLUSION**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against either Defendant.  See § 1915(e)(2).  The Complaint shall be dismissed without prejudice,

however, as Plaintiff was not afforded the opportunity to amend his Complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff's 42 U.S.C. § 1983 Complaint (Doc.

No. 1) is **DISMISSED** without prejudice.

Signed: September 11, 2017

Frank D. Whitney
Chief United States District Judge